MARY COLGATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61882.   Promulgated December 30, 1932.

*Carlyle E. Yates, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

OPINION.

Marquette: The first issue is the proper basis for computing gain realized upon the sale of stock in 1929. Petitioner received the stock in 1919 from her father's estate upon the termination of a testamentary trust which had existed since 1904.

This identical question was before us in *Ralph W. Harbison*, 26 B. T. A. 896. There, as here, the Revenue Act of 1928 controlled. We there held that under section 113 (a) (5) of that act the proper basis for determining gain or loss was the fair market value of the property at the time of its distribution to the taxpayer after termination of the testamentary trust. We adhere to that decision. At the time petitioner received the stock here involved its fair market value was $160 per share and that valuation should be the basis for computing the gain derived when the stock was sold in 1929.

The second issue relates to the proper basis for computing allowable deductions for contributions. During the year 1929 petitioner made contributions amounting to $78,712.50 to organizations within the scope of section 23 (n) of the Revenue Act of 1928. She claimed and was allowed a deduction of $59,985 on account thereof. She elected to have her capital net gain of $684,384.64 taxed under the provisions of section 101 (a) of the Revenue Act of 1928, but now contends that her capital net gain should be included in net income when computing the deduction for contributions. Respondent urges that such computation must be based solely upon petitioner's ordinary net income, amounting to $314,469.11. If so computed the deduction allowable by statute of "15 per centum of the taxpayer's net income as computed without benefit of this subsection" would be only $47,170.37. By his amended answer respondent contends that petitioner has taken a greater deduction than is permissible and that the excess amount of $12,814.63 should be added to income and the deficiency proportionately increased.

This question also was before us in *Ralph W. Harbison, supra,* and in *Hallie D. Elkins,* 24 B. T. A. 572. In the former we held that:

* * * when a taxpayer avails himself of benefits of section 101 (a), he elects, in effect, to have his tax liability determined in two parts; first, upon the ordinary net income exclusive of his capital net gain, and, second, upon his capital net gain at the 12½ per cent rate; the sum of the two constituting the amount of his tax. Obviously, therefore, the amount of this petitioner's capital net gain should be excluded from the amount of his net income upon which to compute the 15 per cent deduction for contributions within the purview of section 23 (n).

In *Hallie D. Elkins, supra,* we followed the same principal under reversed conditions. There the taxpayer had sustained a capital net loss. Respondent excluded the loss from consideration in computing

ordinary net income, but refused to exclude it in computing deductions for contributions. As a result he found that the taxpayer had a net income subject to tax, but had no net income upon which to compute deductions for contributions. We held that the ordinary net income as computed for taxation also constituted a basis for computing the deduction claimed by the taxpayer.

We perceive no distinction between those cases and the present proceeding. It is our judgment, therefore, that petitioner may deduct on account of contributions only $47,170.37, which is the statutory 15 per cent of her ordinary net income for the year 1929.

*Decision will be entered under Rule 50.*